TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00164-CR







John Joseph Natal, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0980273, HONORABLE JON N. WISSER, JUDGE PRESIDING






PER CURIAM

A jury found appellant guilty of intentionally or knowingly injuring an elderly
person. Tex. Penal Code Ann. § 22.04(a)(3) (West 1994). The district court assessed
punishment, enhanced by two previous felony convictions, at imprisonment for thirty-two years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). After examining the appellate record, appellant exercised his right
to file a pro se brief.

Appellant's first pro se point of error is that the district court should have instructed
the jury pursuant to Penal Code section 22.01(a)(1) and (b)(2) because the victim was his father. 
Tex. Penal Code Ann. § 22.01(a)(1) (West 1994), (b)(2) (West Supp. 1999). Section 22.01 is the
general assault statute. Appellant was indicted under section 22.04, the more specific statute
applicable to assaults against elderly persons. No error is shown and the point of error is
overruled.

Next, appellant contends the court's charge did not define intentional and knowing
conduct solely in terms of the results of conduct. See Cook v. State, 884 S.W.2d 485, 491 (Tex.
Crim. App. 1994). This contention is factually incorrect. The definitions were properly limited. 
The point of error is overruled.

Appellant also contends the court's charge should have included an instruction on
the lesser included offense of reckless injury. Once again, the charge did include such an
instruction. The point of error is without merit.

Appellant next urges that his trial attorney "should have used temporary insanity
caused by intoxication." See Tex. Penal Code Ann. § 8.04(b) (West 1994). The reporter's record
reflects that counsel urged the court to consider appellant's "life-long problem with alcohol" as
a mitigating factor when assessing punishment. There was no jury charge pursuant to section
8.04(c) because the court assessed punishment. The point of error is overruled.

Appellant contends the State did not give timely notice of appeal. See Tex. Code
Crim. Proc. Ann. art. 44.01(d) (West Supp. 1999). John Joseph Natal is the appellant in this
cause, not the State. Article 44.01 is not applicable. Appellant's contention is without merit.

Next, appellant complains that the prosecutor improperly questioned him about his
previous convictions in the presence of the jury. Appellant contends this violated Penal Code
section 74.02. There is no such section in the Texas Penal Code, nor is there an article so
numbered in the Texas Code of Criminal Procedure. In any event, the prosecutor was entitled to
impeach appellant's credibility as a witness with evidence of his criminal convictions. Tex. R.
Evid. 609(a). No error is shown.

Finally, appellant contends the punishment assessed is cruel and unusual considering
the relatively minor injuries inflicted on the victim, appellant's good prison record, and appellant's
alcoholism and medical problems. The punishment assessed is within the range authorized by law
for felony defendants with two or more previous felony convictions. See Tex. Penal Code Ann.
§ 12.42(d) (West Supp. 1999). No abuse of the court's discretion is shown.

We have reviewed the record and the pro se brief, and agree with appellant's
appointed counsel that the appeal is frivolous and without merit. We find nothing in the record
that might arguably support the appeal.

The judgment of conviction is affirmed.


Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: January 14, 1999

Do Not Publish

* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



NG






PER CURIAM

A jury found appellant guilty of intentionally or knowingly injuring an elderly
person. Tex. Penal Code Ann. § 22.04(a)(3) (West 1994). The district court assessed
punishment, enhanced by two previous felony convictions, at imprisonment for thirty-two years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). After examining the appellate record, appellant exercised his right
to file a pro se brief.

Appellant's first pro se point of error is that the district court should have instructed
the jury pursuant to Penal Code section 22.01(a)(1) and (b)(2) because the victim was his father. 
Tex. Penal Code Ann. § 22.01(a)(1) (West 1994), (b)(2) (West Supp. 1999). Section 22.01 is the
general assault statute. Appellant was indicted under section 22.04, the more specific statute
applicable to assaults against elderly persons. No error is shown and the point of error is
overruled.

Next, appellant contends the court's charge did not define intentional and knowing
conduct solely in terms of the results of conduct. See Cook v. State, 884 S.W.2d 485, 491 (Tex.
Crim. App. 1994). This contention is factually incorrect. The definitions were properly limited. 
The point of error is overruled.

Appellant also contends the court's charge should have included an instruction on
the lesser included offense of reckless injury. Once again, the charge did include such an
instruction. The point of error is without merit.

Appellant next urges that his trial attorney "should have used temporary insanity
caused by intoxication." See Tex. Penal Code Ann. § 8.04(b) (West 1994). The reporter's record
reflects that counsel urged the court to consider appellant's "life-long problem with alcohol" as
a mitigating factor when assessing punishment. There was no jury charge pursuant to section
8.04(c) because the court assessed punishment. The point of error is overruled.

Appellant contends the State did not give timely notice of appeal. See Tex. Code
Crim. Proc. Ann. art. 44.01(d) (West Supp. 1999). John Joseph Natal is the appellant in this
cause, not the State. Article 44.01 is not applicable. Appellant's contention is without merit.

Next, appellant complains that the prosecutor improperly questioned him about his
previous convictions in the presence of the jury. Appellant contends this violated Penal Code
section 74.02. There is no such section in the Texas Penal Code, nor is there an article so
numbered in the Texas Code of Criminal Procedure. In any event, the prosecutor was entitled to
impeach appellant's credibility as a witness with evidence of his criminal convictions. Tex. R.
Evid. 609(a). No error is shown.

Finally, appellant contends the punishment assessed is cruel and unusual considering
the relatively minor injuries inflicted on the victim, appellant's good prison record, and appellant's
alcoholism and medical problems. The punishment assessed is within the range auth